UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00525-CJC(RNBx)            Date: April 8, 2013

Title: <u>ERIK PAPKE V. NETWORK CAPITAL FUNDING CORP.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

| <u>Michelle Urie</u> | <u>    N/A    </u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                      None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

     Plaintiff Erik Papke ("Plaintiff") filed this putative class action in Orange County Superior Court on March 18, 2013. Plaintiff brings four claims against Defendant Network Capital Funding Corp. ("Defendant"): (1) violation of California Business and Professions Code §§ 17200 and 17203; (2) violation of California Labor Code ("Labor Code") § 226 for failure to provide itemized wage statements; (3) violation of Labor Code §§ 201–203 for waiting time penalties (subclass only); and, (4) violation of Labor Code §§ 221 and 2802 for failure to pay for business expenses and/or losses. (Dkt. No. 1 [Not. of Removal] Exh. A [Compl.].) Plaintiff seeks to represent a class of individuals who worked for Defendant as loan officers, loan originators, and/or mortgage loan originators within the past four years. He also seeks to represent a sub-class of individuals whose employment with Defendant has ended. Defendant removed the action to this Court on April 3, 2013 on the basis of federal question jurisdiction. (Not. of Removal.) Defendant asserts that this Court has jurisdiction because Plaintiff's California Business and Professions Code claim arises under federal law.

     A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00525-CJC(RNBx)            Date: April 8, 2013
                                                                                                          Page 2

removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Whether subject matter jurisdiction exists may be raised by the Court sua sponte at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

        It does not appear to the Court that this action presents a federal question. Plaintiff's Complaint does not state a federal cause of action. The only mention of a federal statute is with reference to Plaintiff's first claim under California Business and Professions Code §§ 17200 and 17203, in which Plaintiff makes an isolated reference to the federal Fair Labor Standards Act ("FLSA") in Paragraph 27. A state cause of action may give rise to federal jurisdiction if "it appears that some substantial, disputed question of federal law is a *necessary* element of one of the well-pleaded state claims." *Rains v. Criterion Sys., Inc.* 80 F.3d 339, 345 (9th Cir. 1996) (emphasis in original) (internal quotation marks and citations omitted). Here, the FLSA is not a necessary element of the cause of action. Plaintiff mentions the FLSA, along with the Labor Code, to provide support for his allegations that Defendant engaged and continues to engage in unlawful business practices. Because the alleged Labor Code violations alone are "unlawful," violation of the FLSA is not a necessary element. *Id.* ("The invocation of Title VII as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes . . . a state statute that can and does serve the same purpose.").

        The Court therefore orders Defendant to show cause why this case should not be remanded for lack of subject matter jurisdiction. Defendant shall file an opposition to the Court's order to show cause by **April 22, 2013.** Plaintiff shall have until **April 29, 2013** to file a response. This matter will be decided on the papers without a hearing.

jmc

MINUTES FORM 11
CIVIL-GEN                                                                                                                Initials of Deputy Clerk MU