UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 13-00525-CJC(RNBx)                                  Date: May 9, 2013

Title: ERIK PAPKE V. NETWORK CAPITAL FUNDING CORP.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Michelle Urie                                         N/A
Deputy Clerk                                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                        None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

**Introduction and Background**

Plaintiff Erik Papke ("Plaintiff") filed this putative class action in Orange County Superior Court on March 18, 2013. Plaintiff brings four claims against Defendant Network Capital Funding Corp. ("Defendant"): (1) violation of California Business and Professions Code §§ 17200 and 17203 ("UCL"); (2) violation of California Labor Code ("Labor Code") § 226 for failure to provide itemized wage statements; (3) violation of Labor Code §§ 201–203 for waiting time penalties (subclass only); and, (4) violation of Labor Code §§ 221 and 2802 for failure to pay for business expenses and/or losses. (Dkt. No. 1 [Not. of Removal] Exh. A [Compl.].) Plaintiff seeks to represent a class of individuals who worked for Defendant as loan officers, loan originators, and/or mortgage loan originators within the past four years. He also seeks to represent a sub-class of individuals whose employment with Defendant has ended.

Defendant removed the action to this Court on April 3, 2013 on the basis of federal question jurisdiction. (Not. of Removal.) Defendant asserts that this Court has jurisdiction because Plaintiff's UCL claim is predicated on a violation of the federal Fair Labor Standards Act (FLSA). On April 8, 2013, the Court issued an Order to Show Cause (OSC) why this case should not be remanded for lack of subject matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00525-CJC(RNBx)            Date: May 9, 2013
           Page 2

jurisdiction. Having considered the responses of both parties, (dkt. nos. 8, 9), the Court concludes it lacks jurisdiction and **REMANDS** this action to Orange County Superior Court.

**Discussion**

       A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Whether subject matter jurisdiction exists may be raised by the Court sua sponte at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

       Federal question jurisdiction is determined under the "well-pleaded complaint rule," under which "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, "[t]he rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* However, "under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction by 'omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law.' " *Rains v. Criterion Sys., Inc.* 80 F.3d 339, 344 (9th Cir. 1996) (quoting *Olguin v. Inspiration Consol. Copper Co.,* 740 F.2d 1468, 1472 (9th Cir. 1984)). Even if a state law claim is not artfully pleaded, it may give rise to federal jurisdiction where it is completely preempted by federal law. *Id.* at 344–45. Complete preemption is rare and occurs only when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' " *Id.* at 344 (quoting *Caterpillar*, 482 U.S. at 392). A state cause of action may also give rise to federal jurisdiction if "it appears that some substantial, disputed question of federal law is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00525-CJC(RNBx)            Date: May 9, 2013
                                                                       Page 3

---

a *necessary* element of one of the well-pleaded state claims." *Rains,* 80 F.3d 339 at 345 (emphasis in original) (quoting *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 13, (1983).).

      Here, no federal question is apparent from the face of the Complaint. Plaintiff brings his causes of action under the California Labor Code and the UCL. The only direct reference to federal law appears with respect to Plaintiff's UCL claim in paragraph 27 of the Complaint:

> DEFENDANTS [sic] conduct in failing and refusing to pay overtime wages was **in violation of the wage and hour overtime regulations established by the Fair Labor Standards Act.** The statutory violations also include a violation of California Labor Code Secs. 221 and 2802. These statutory violations, illegal within the meaning of § 17200, were pursued to attain and unjustified monetary advantage for DEFENDANTS by creating personal disadvantage and hardship to its employees. As such, DEFENDANTS' business practices and acts have been illegal, immoral, unethical oppressive and unscrupulous.

(emphasis added). Although Plaintiff references the FLSA in his UCL claim, "it is state, not federal, law that creates the cause of action," *Leo v. Alameda County Medical Center*, No. C 06-03799 SI, 2006 U.S. Dist. LEXIS 69484, at *7 (N.D. Cal. Sept. 18, 2006), and "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986). *See Guerra v. Carrington Mortg. Servs. LLC*, No. CV 10-4299 GAF (Ex), 2010 U.S. Dist. LEXIS 70520, at *4–*5 (C.D. Cal. June 29, 2010) ("California district courts have held that mere references to federal law in UCL claims do not convert the claim into a federal cause of action."). Further, the artful pleading doctrine does not apply because Plaintiff has a viable state law claim in addition to any FLSA claim. *See Chaganti & Assoc., P.C. v. Nowotny*, 470 F.3d 1215, 1220 (8th Cir. 2006) ("The artful pleading doctrine has no application in this case . . . . A federal antitrust claim was not necessary to the claims alleged."); *Redwood Theatres, Inc. v. Festival Enterprises, Inc.* 908 F.2d 477, 479 (9th Cir. 1990).

      Next, Defendant's contention that the FLSA completely preempts state law is unavailing. The Ninth Circuit has soundly rejected this argument: "We therefore hold that FLSA does not preempt a state-law § 17200 claim that 'borrows' its substantive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00525-CJC(RNBx)            Date: May 9, 2013
                                                                                          Page 4

---

standard from FLSA." *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 760 (9th Cir. 2010), *vacated on other grounds by* 132 S. Ct. 74 (2011); *see also Roberts v. Trimac Transp. Services (Western), Inc.*, No. C12-05302 HRL, 2013 WL 1441999, at *2 (N.D. Cal. Apr. 9, 2013).

        Finally, a substantial, disputed question of federal law is not a necessary element of any of Plaintiff's claims. Defendant argues that Plaintiff's UCL claim involves a substantial federal question because it "is exclusively rooted" in the FLSA. (Def.'s Opp'n at 1.) Defendant asserts that a court must necessarily address the FLSA in determining whether Plaintiff is entitled to restitution, injunctive relief, and declaratory relief. Defendant also argues that a court must conduct a separate analysis of each alleged violation of the UCL, making resolution of the FLSA allegation necessary, and that Plaintiff's request for declaratory relief is of central concern to the FLSA.

        However, the allegations in the Complaint make clear that federal law is not essential to the UCL claim because Plaintiff alternatively relies on independent state law predicates. While Plaintiff does allege that Defendant has violated the FLSA, he also alleges that the predicate violations for his UCL claim include "violation of California Labor Code Secs. 221 and 2802." (Compl. ¶ 27.) Accordingly, Plaintiff could show that Defendant's conduct was "unlawful" solely by relying on state law. *See Rains*, 80 F.3d at 346 ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim."). Courts in this circuit have routinely held that a UCL claim based only in part on alleged violations of the FLSA does not give rise to federal jurisdiction. *See Strickland v. Wells Fargo Bank, N.A.*, Nos. C 10-2812 MHP,10-3452 MHP, 10-3466 MHP, 2011 U.S. Dist. LEXIS 3983, at *10, *12 (N.D. Cal. Jan. 13, 2011) ("The state of California has chosen to create a cause of action that sweeps in a broad range of predicate unlawful conduct, and the fact that a federal law is 'borrowed' does not by itself establish jurisdiction in this court . . . . Resolution of this case may ultimately hinge on a determination of FLSA non-compliance, or it may not, but this does not alter the fundamental nature of plaintiffs' state law claims."); *Pope v. Wells Fargo Bank, N.A.*, No. CIV 2:10-2807 WBS KJM, 2010 U.S. Dist. LEXIS 125341, at *7 (E.D. Cal. Nov. 24, 2010) ("Alleging that defendant violated a federal law under the UCL does not mean that plaintiffs have alleged a federal cause of action."); *Williams v. Wells Fargo Bank, N.A.*, No. CV 10-4761 PA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00525-CJC(RNBx)            Date: May 9, 2013
                                                                           Page 5

(PJWx), 2010 U.S. Dist. LEXIS 91158, at *6–*7 (C.D. Cal. Aug. 9, 2010) ("The Court does not find that Plaintiffs have somehow alleged a federal cause of action by basing their UCL claim in part on Defendant's alleged violation of FLSA.").

       Defendant asserts that Plaintiff will not be entitled to the totality of the relief he seeks, such as restitution for unpaid wages, unless a Court adjudicates the FLSA overtime issue. While it is true that Plaintiff requests relief in part based on overtime violations, exclusive reliance on state law could still provide Plaintiff the right to some type of remedy under the UCL. *See Holliman v. Kaiser Found. Health Plan*, No. C-06-0755 SC, 2006 U.S. Dist. LEXIS 14627, at *13 (N.D. Cal. Mar. 14, 2006) ("Plaintiffs predicate their section 17200 claim on violations of [the] California Labor Code . . . as well as on violations of 29 U.S.C. §§ 207 (a) (1) and 217. A jury could find liability based on the predicate state claims, rather than on the federal ones. Therefore, the federal claim is neither a necessary element of the claim *nor does the right to a remedy turn on the resolution of substantial, disputed question of federal law*.") (emphasis added). Accordingly, Defendant has not shown that there is a substantial, disputed question of federal law that is *necessary* to the resolution of Plaintiff's UCL claim.[1]

**Attorneys' Fees and Costs**

       Plaintiff asks that Defendant be required to pay costs and attorneys' fees associated with removal. Such an award is proper "only where the removing party lacked an objectively reasonably basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Plaintiff alleges that he was not paid overtime compensation and directly cites FLSA overtime provisions. Accordingly, the Court cannot conclude that Defendant's removal was objectively unreasonable. Plaintiff's request is denied.

---

[1] Defendant argues that all general references to overtime in the Complaint refer to the FLSA, and that the second and third causes of action, for violations of Labor Code §§ 226 (itemized wage statements) and 201–203 (waiting time penalties), merely provide for the penalties arising from the alleged FLSA violation. (Def.'s Opp'n at 1–2.) Defendant contends that Plaintiff has recognized that he is exempt from California state law overtime requirements and thus proceeds exclusively under federal law. (*Id.*) But Plaintiff is entitled to avoid federal jurisdiction by bringing only state law claims, and Defendant cannot infer an FLSA cause of action where one has not been brought.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00525-CJC(RNBx)                                    Date: May 9, 2013
                                                                    Page 6

_____

**Conclusion**

      For the foregoing reasons, this case is **REMANDED** to Orange County Superior Court.


jmc

MINUTES FORM 11
CIVIL-GEN                                                           Initials of Deputy Clerk MU